IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

AUDIO MPEG, INC., et al.,

        Plaintiff,

v.                                   Civil Action No. 2:15cv73

HEWLETT-PACKARD COMP.,

        Defendants.

## OPINION & ORDER

This matter is before the Court pursuant to Defendant Hewlett-Packard Company's ("HP") Motion to Stay Pending Inter Partes Review of U.S. Pat. Nos. 5,323,396, 5,777,992, and 5,539,829 ("Motion"), Doc. 20. For the reasons stated herein, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

### A. Factual Allegations

This patent infringement action arises out of the alleged infringement by Defendant HP of U.S. Pat. Nos. 5,323,396, 5,777,992, and 5,539,829 (collectively, "patents"). Plaintiffs U.S. Philips Corporation ("Philips"), Orange SA ("Orange"), TDF SAS ("TDF"), and Institute für Rundfunktechnik GmbH ("IRT") claim that they own the patents and that Plaintiff Audio MPEG, Inc. ("Audio MPEG") has exclusive rights to license and to sue for and collect fees, costs, and damages relating to infringements of the patents on behalf of all Plaintiffs. Compl. at 3–4, 7, 10–11. The technology at issue in this case deals with encoding and decoding digital audio signals. Compl. at 3–4, 7, 10–11.

Plaintiffs allege that HP "continued to manufacture, use, sell, import, and/or offer for sale products that include capabilities required by the MPEG standards," including, but not limited to, HP computers and electronic devices that contain HP Quickplay, HP MediaSmart, HP Connected Music, Muvee AutoProducer Basic Edition 6.x, Roxio Creator, Cyberlink PowerDVD, Cyberlink PowerDirector, Cyberlink DVD Suite, or Corel Video Studio Pro. Compl. at 5, 7–8, 11. Plaintiffs allege that Defendant continued its infringing activities even after Plaintiff informed HP no later than September 17, 2008 that "all HP products incorporating the MPEG Audio encoding and decoding capabilities required by at least one of the MPEG standards are covered by [the patents]." Compl. at 5, 7–8, 11.

Defendant denies that the patents were duly and legally issued. Am. Answer at 4–5. It argues that the patents are invalid because the alleged inventors failed to satisfy the conditions of patentability specified in 35 U.S.C §§ 102, 103 and/or 112. Am. Answer at 7. Defendant denies that it has directly or indirectly infringed on the patents. Am. Answer at 6. Defendant additionally asserts counterclaims asking for declaratory relief regarding non-infringement, invalidity, unenforceability, and exhaustion and/or implied license of the patents. Am. Answer at 40–41. HP also alleges violations of the Sherman Act, patent misuse, civil conspiracy under VA state law, breach of contract, and promissory estoppel. Am. Answer at 41–52.

**B. Procedural History**

Plaintiffs filed the Complaint on February 20, 2015. Doc. 1. They served Defendant on June 17, 2015. Doc. 19. On June 25, 2015, Defendant petitioned for Inter Partes Review ("IPR") before the Patent Trial and Appeal Board ("PTAB"), seeking a determination that all claims of the patents were invalid. Def. Mot. 3–4. Defendant then filed this Motion on June 30,

2

2015, which Plaintiffs answered on July 27, 2015. Doc. 20; Doc. 27. In its memorandum, Defendant requests a stay of this action until the final resolution of the IPR. Doc. 21 at 2.

Plaintiffs have three months to respond to Defendant's IPR petition, and the PTAB must determine whether to institute IPR proceedings within three months of any preliminary response. See 35 U.S.C. §§ 313, 314; 37 C.F.R. § 42.107(a). At the latest, therefore, the decision as to whether IPR will be instituted should be December 30, 2015, because HP filed the IPR petition on June 30, 2015. The PTAB must then issue a final determination within one year, or by December 2016. See 35 U.S.C. § 316(a)(11). The parties have not gone to scheduling in the present matter.

## II. LEGAL STANDARDS

On September 16, 2012, the United States Patent and Trademark Office ("USPTO") revised its "rules of practice to implement the provisions of the Leahy-Smith America Invents Act ("AIA")," which created new IPR proceedings before the PTAB. 77 F. Reg. 48680-01 (Aug. 14, 2012). The purpose of the AIA was "to establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." Id. Formerly, USPTO examiners conducted IPR proceedings, but now PTAB, which consists of a three-member panel of administrative patent judges, conducts the proceedings. 35 U.S.C. § 6. In determining whether to institute IPR proceedings, the reviewing body must determine that the petition "shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314. If the IPR proceedings result in a final written decision by the PTAB, the petitioner is estopped from asserting in a civil action that the applicable claims are "invalid on any ground petitioner raised or reasonably could have raised during that post-grant review." 35 U.S.C. § 325(e)(2).

Under the AIA, a party may seek a stay of a pending civil action after filing a petition for IPR. AIA § 18(b). The District Court has discretion in deciding whether to stay the action, but it must base its decision on the following four factors:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B) whether discovery is complete and whether a trial date has been set;
>
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

Id. § 18(b)(1). Congress also provided that a "party may take an immediate interlocutory appeal from a district court's decision" to grant or deny a stay, and that the "United States District Court of Appeals for the Federal Circuit shall review the district court's decision to ensure consistent application of established precedent, and such review may be de novo."[1] Id. § 18(b)(2). The Federal Circuit has made clear, however, that it is "not error for the district court to wait until the PTAB" makes its decision to institute review before ruling on a motion to stay. VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1315 (Fed. Cir. 2014).

According to the Federal Circuit, some district courts have waited to rule on a motion to stay until the PTAB determined whether it would institute IPR review, while others ruled on the motion prior to the institution of review, and some denied, without prejudice, the motion as premature. See id. at 1315–16. The Federal Circuit Court expressed "no opinion on which is the better practice. While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been

---

[1] The Federal Circuit has acknowledged that Congress' choice of language in this matter is unclear. See VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1310 (Fed. Cir. 2014). It has, however, seemingly adopted de novo review in these matters. See Intellectual Ventures II LLC v. JPMorgan Chase & Co., 781 F.3d 1372, 1377 (Fed. Cir. 2015).

4

instituted." Id. at 1316. It also made clear that "a district court is not obligated to 'freeze' its proceedings between the date that the motion to stay is filed and the date that the PTAB decides on the" petition. Id.

## III. ANALYSIS

### A. A Stay Will Simplify the Issues to be Tried and Streamline Trial

When determining whether to grant a stay pending IPR review, "the critical question is not whether PTAB review would simplify the issues in question, but whether a stay of this action would do so." Segin Systems, Inc. v. Stewart Title Guar. Co., 30 F. Supp. 3d 476, 481 (E.D. Va. 2014). Therefore, an IPR petition that – even if granted – would leave substantial issues unresolved would do little to simplify the action, since the parties ultimately would litigate the unresolved issues in a court. See id. The "simplification factor weighs heavily in favor of the stay" when the petitioner challenges all patent claims brought by the plaintiff. See, VirtualAgility, 759 F.3d at 1314. However, there still can be a simplification of issues when only some, but not all, of the asserted claims are brought before the PTAB. See Versata Software, Inc. v. Callidus Software, Inc., 771 F.3d 1368, 1371 (Fed. Cir. 2014) (opinion vacated as moot) (noting that "stays can be warranted even when a CBM proceeding does not address all asserted patents, claims, or invalidity defenses.").[2] Additionally, while a district court may examine the IPR petition to determine whether IPR review will address claims and issues involved in the litigation, a court cannot attempt to predict how the PTAB will ultimately rule on the issues. See VirtualAgility, 759 F.3d at 1313.

In TPK Touch Solutions, Inc. v. Wintek Electro-Optics, the Northern District of California found that "if and when the PTO grants IPR, that process is likely to simplify the issues and trial of the case, provided the claims for which trial is instituted are relevant to the

---

[2] Many of the cases deal with CBM review instead of IPR review, since IPR is a relatively new procedure.

underlying action." No. 13-cv-02218-JST, 2013 WL 6021324, at *3 (N.D. Cal. Nov. 13, 2013). However, the court ultimately concluded that it could not grant a stay before IPR had been granted because it was too early to tell if the IPR proceeding would simplify the issues. Id. Conversely, in Universal Electronics, Inc. v. Universal Remote Control, Inc., the same court found that while the undecided status of the IPR petition "clouds the simplification inquire," a potential grant of IPR nonetheless weighs in favor of a stay. 943 F. Supp. 2d 1028, 1033 (C.D. Cal. 2013); see also Segin, 30 F. Supp. 3d at 481–82.

Here, HP argues that the PTAB will "carefully analyze prior art, invalidity and validity contentions, expert declarations, the patents' prosecution histories, claim construction, and claim scope." Doc. 21 at 8. IPR review will not dispose of all the asserted claims here, as it would have in VirtualAgility, 759 F.3d at 1314, since HP has asserted counterclaims and state-law issues not addressed in IPR review. Yet, HP has contested all of the asserted patents' validity. Doc. 21 at 3–4. The PTAB's determination on the issues surrounding the patents will simplify the issues to be asserted in litigation because the defendant will not be able to assert invalidity or inequitable conduct as a defense at trial. Indeed, Defendant will be estopped from asserting invalidity on any ground it raised or reasonably could have raised during an IPR proceeding. See Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2:15cv21, 2015 WL 2454396, at *2 (E.D. Va. May 21, 2015).

The Plaintiffs assert that a stay will not simplify the issues for trial since the PTAB is unlikely to grant IPR review. Doc. 32 at 1–2. However, as the Federal Circuit noted in VirtualAgility, a district court should not consider whether the PTAB will ultimately grant review when deciding a motion to stay. Thus, just as the district courts in California and Virginia found that IPR and CBM review of some issues would simplify those to be tried in

6

Universal and Segin, respectively, IPR review of the issues surrounding the patents will simplify, although not entirely dispose of, the case here.

**B. Since the Case is in its Infancy, the Timing Supports a Stay**

A district court reviewing a motion to stay pending IPR proceedings should also consider whether discovery is complete and whether a trial date has been set. See, e.g., VirtualAgility, 759 F.3d at 1309. In VirtualAgility, the Federal Circuit noted that the fact discovery had not yet begun and no trial date had been set at the time the defendants filed their motion to stay strongly favored staying the action. Id. at 1317. Conversely, in Segin, this Court held that because the trial date had been set, discovery recently had begun, a Markman hearing had been set, and the scheduled trial would likely occur months before the PTAB would finish its review, the second factor was neutral. 30 F. Supp. 3d at 481–82.

Just as discovery had not yet begun in VirtualAgility, it has not begun in this case. Additionally, no trial date has been set, the Court has not set a Markman hearing, and the Court has not set a scheduling conference. Therefore, this case remains in its infancy, which strongly supports granting a stay.

**C. A Stay Will Not Unduly Prejudice the Plaintiffs, and It Does Not Present a Clear Tactical Advantage for the Moving Party**

*i. Undue Prejudice*

Courts often find a stay will unduly prejudice the plaintiffs when the parties sell similar products to similar customers or in similar markets. See Segin, 30 F. Supp. 3d at 483. In VirtualAgility, the court noted that the parties were "in the same business space," but it ultimately decided that the district court erred in finding that the undue prejudice factor weighed heavily against a stay. 759 F.3d at 1318. When examining the undue prejudice factor, the Court should focus on the patentee's need for an expeditious resolution of its claim. Id. Therefore,

since a stay will not diminish monetary damages available to plaintiffs, stays of such claims rarely prejudice plaintiffs. See, e.g., id. Delays based on statutory frameworks, such as those pursuant to IPR proceedings under AIA § 18(b), do not normally cause undue prejudice. Universal, 943 F. Supp. 2d at 1033–34.

In VirtualAgility, the court noted that the fact the plaintiff waited nearly a year after the patent was issued before suing the defendants weighed against plaintiff's claims that it would be unduly prejudiced by a stay. 759 F.3d at 1319–20. Similarly, the court in Universal noted that the plaintiff waited for years before filing a suit, causing two of its patents to expire in the meantime. 943 F. Supp. 2d at 1033. It also found that the plaintiff could be fully compensated by monetary damages for claims relating to the expired patents. Id.

Just as the plaintiffs' delay in VirtualAgility and Universal belied their claims that a stay would unduly prejudice them, the Plaintiffs' delay in this case shows that a stay pending the IPR proceeding will not unduly prejudice it. The plaintiff claimed it informed HP of its alleged infringement in 2008, so it waited over six years before filing suit. While the Plaintiff claimed that it was attempting to settle with HP outside of the legal system, Doc. 21 at 12, the fact that it lasted at least six years weakens its cries for an expeditious resolution now.

Additionally, because the patents at issue have expired, monetary damages will be sufficient to compensate Plaintiffs for any infringement, just as they were in Universal. Therefore, a stay of at most eighteen months will not unduly prejudice plaintiffs, who waited years before filing suit and who can be fully compensated with monetary damages.

### ii. The Defendant's Motion Does Not Represent a Tactical Scheme

The AIA seeks to limit the abuse of IPR review as a tool for tactical delay. See, e.g., Universal, 943 F. Supp. 2d at 1030 (citing 35 U.S.C. § 315(b)). The defendant must petition for

8

IPR review within one year after being served with the complaint. Id. In Cobalt Boats, the Court noted that because the defendant filed a Motion to Stay pending IPR the same day this Court denied its Motion to Transfer Venue, it appeared as though the stay represented a delaying tactic of defendant. 2015 WL 2454296, at *3. In VirtualAgility, however, the court found that there was no evidence the defendants' motion to stay represented a delaying tactic when it filed its petition less than four months after the plaintiff instituted the action and moved to stay almost immediately after filing the petition. 759 F.3d at 1319—20.

Plaintiffs argue that Defendant waited nearly four months before filing for IPR review. Doc. 32 at 15. However, the relevant date is that of service, not the filing of the lawsuit. See Universal, 943 F. Supp. 2d at 1030 (noting that the statute requires the defendant to petition for review within one year of *service*, not within a year of the filing of the lawsuit). Defendant filed for IPR review within eight days of service, which is much faster than in VirtualAgility, where the court found that even four months did not represent a delaying tactic. Therefore, it does not appear that the motion to stay represents a delaying tactic.

**D. A Stay Will Reduce the Burden of Litigation on the Parties and on the Court**

This factor is similar to the first factor, although they are distinct and should be analyzed separately. VirtualAgility, 759 F.3d at 1313. Courts generally agree that this factor is "designed to place a thumb on the scales in favor of a stay." Segin, 30 F. Supp. 3d at 480. When assessing this factor, courts should look prospectively in determining whether a stay will reduce the future burdens of litigation. See Protegrity Corp. v. Epicor Software Corp., 67 F. Supp. 3d 555, 568 (D. Conn. 2014). In Segin, the court noted that there are special considerations when the PTAB has not yet granted review of the IPR. Id. at 485. If the PTAB declined review, the court in Segin would have been burdened since it would have to hold another Rule 16(b) conference and

account for the delays in discovery and Markman hearing dates. Id. However, if the PTAB were to grant IPR review, entering a stay before it did so would reduce the burden of litigation. Id.

Unlike the court in Segin, the Court here has used very little resources on this case thus far. It has not had a scheduling conference or set dates for trial, the Markman hearing, or discovery. Therefore, were the Court to grant the stay, it would not have to redo any conferences or set new hearing dates as the court in Segin would have. The fact that this case is in such an early stage heavily favors granting a stay.

## IV. CONCLUSION

The Court **GRANTS** Defendant's Motion to Stay pending resolution of the IPR petition. Staying the action until IPR proceedings are complete will at most delay the case until December 2016, since the PTAB must decide whether to grant review by December 2015, and thereafter has one year to complete its review if granted.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
9/15, 2015